IN THE CIRCUIT COURT IN AND FOR
PINELLAS COUNTY, FLORIDA

Civil Case No. _____

AS PTO, LLC, a Florida Limited Liability Company,
PLASTIC 2 OIL OF CLEARWATER 1, LLC, a Delaware
Limited Liability Company authorized to do business in the
State of Florida; and ES RESOURCES, LLC, a Florida
Limited Liability Company;

    Plaintiffs,

v.

JBI, INC., a Nevada Corporation doing business in the
State of Florida,

    Defendant.

_____/

## COMPLAINT

**COME NOW,** the Plaintiffs, and sue the Defendant, alleging:

### GENERAL ALLEGATIONS

1.    This action is an action for damages in excess of $15,000.00.

2.    Plaintiff, **AS PTO, LLC** ("ASPTO") is a Florida limited liability company with its principal place of business in Pinellas County, Florida.

3.    Plaintiff, **PLASTIC 2 OIL OF CLEARWATER 1, LLC** ("PTO CLEARWATER"), is a Delaware limited liability company authorized to do business in the State of Florida, with its principal office in Pinellas County, Florida.

4.    Plaintiff, **ES RESOURCES, LLC** ("ES RESOURCES"), is a Florida limited liability company with its principal office in Pinellas County, Florida.

5.    Defendant, **JBI, INC.** ("JBI"), is a Nevada corporation conducting business in the State of Florida.

6. Plastic2Oil Land, Inc. ("PTO Land"), is a dissolved Nevada Corporation that was a wholly owned subsidiary of JBI, and was wholly controlled by JBI.

7. PTO Land was not properly capitalized or dissolved by JBI, and was not operated separate and apart from JBI by JBI, so that PTO Land was no more than the alter ego of JBI, resulting in JBI being responsible for the obligations of PTO Land.

8. On or about February 12, 2010, ASPTO and JBI, through PTO Land, entered into a certain Area Development Agreement ("ADA"), a copy of which is attached hereto as Exhibit "A," pursuant to which JBI and ASPTO agreed ASPTO would have the exclusive right to market, develop, and license JBI's plastic to oil recycling and conversion technology, equipment, facilities, and intellectual property within the State of Florida.

9. Pursuant to the ADA attached hereto as Exhibit "A," ASPTO did market, develop, and license JBI's plastic to oil recycling and conversion technology, equipment, facilities, and intellectual property within the State of Florida.

10. Pursuant to the ADA attached hereto as Exhibit "A," solicited ES RESOURCES to invest in and license JBI's plastic to oil recycling and conversion technology, equipment, facilities, and intellectual property, for the installation of one or more plastic to oil conversion and recycling facilities in northern Pinellas County, Florida. A copy of the Reservation Agreement by and between ASPTO and ES RESOURCES is attached hereto as Exhibit "B."

11. As the result of the foregoing solicitations and Reservation Agreement, ES RESOURCES, ASPTO, and JBI, through PTO Land, formed PTO CLEARWATER, and, on or about February 12, 2010, entered into an Operating Agreement for said entity, a copy of which is attached hereto as Exhibit "C."

12. In furtherance of the formation and operation of PTO CLEARWATER, as well as the licensing of JBI's plastic to oil recycling and conversion technology, equipment, facilities, and intellectual property for use in northern Pinellas County, Florida, PTO Land and PTO CLEARWATER entered into that certain Intellectual Property Master License Agreement ("IPMLA") a copy of which is attached hereto as Exhibit "D."

13. JBI breached the ADA attached hereto as Exhibit "A" in the following manner:

    a. Failing to provide its standard site selection criteria, in violation of Section 3.A. of the ADA, despite requests to provide the same.

    b. Failing to provide its procedures for submitting site reports for review, in violation of Section 3.B.(1) of the ADA, despite requests to provide the same.

    c. Failing to provide its standard site approval form, in violation of Section 3.B.(1) of the ADA, despite requests to provide the same.

    d. Refusing to disclose confidential information for use under the Agreement, in violation of Section 8.A. of the ADA, despite requests to provide the same.

    e. Refusing to disclose whether it had the funding available to finance the start-up of the licensed units, as contemplated by Exhibit "A" to the ADA.

    f. Failing to proceed under the Agreement in a commercially reasonable manner, showing good faith, and evidencing fair dealing, in violation of the covenants of good faith and fair dealing implied in the ADA.

14. JBI's foregoing breaches of the ADA took place within the State of Florida.

15. All conditions precedent to the bringing of this cause of action have either been performed or excused.

## COUNT I

### Breach of ADA

16. This is an action by ASPTO against JBI.

17. Paragraphs 1 through 15, above, are reasserted, realleged, and incorporated herein by reference.

18. Additionally, in furtherance of the ADA, ASPTO also solicited numerous other investors and potential facility operators to invest in, purchase, and license JBI's plastic to oil recycling and conversion technology, equipment, facilities, and intellectual property, for the installation of numerous plastic to oil conversion and recycling facilities within the State of Florida, and obtained deposits, reservation agreements, letters of intent, or commitments for the same.

19. Additionally, at the request of JBI, ASPTO began to also solicit investors and potential facility operators outside the State of Florida to invest in, purchase, and license JBI's plastic to oil recycling and conversion technology, equipment, facilities, and intellectual property, for the installation of numerous plastic to oil conversion and recycling facilities in states and locations outside the State of Florida, and obtained deposits, reservation agreements, letters of intent, or commitments for the same.

20. In addition to JBI's breaches of the ADA set forth in paragraph 13, above, JBI violated the ADA by circumventing ASPTO and attempting to directly solicit investors and potential facility operators within the State of Florida to invest in, purchase, and license JBI's plastic to oil recycling and conversion technology, equipment, facilities, and intellectual property, for the installation of plastic to oil conversion and recycling facilities in the State of Florida, in violation of the exclusive territory provisions of Section 2.B. of the ADA.

21. As the proximate and direct result of JBI's breach of the ADA, ASPTO has suffered damages in excess of $15,000.00, including, but not necessarily limited to: compensatory damages; loss of the benefit of the bargain; loss of income and profits, including those outlined, represented, and projected by JBI; and interest.

**WHEREFORE,** ASPTO demands judgment for damages against JBI, plus interest and costs.

## COUNT II

### Breach of Operating Agreement and IPMLA

22. This is an action by PTO CLEARWATER, ES RESOURCES, and ASPTO against JBI.

23. Paragraphs 1 through 15, above, are reasserted, realleged, and incorporated herein by reference.

24. By agreeing to be a member of PTO CLEARWATER, and executing its operating agreement, JBI undertook the following implied obligations and duties, to be carried out within the State of Florida: to use good faith and fair dealing in the operation of PTO CLEARWATER's business, and in its conduct toward PTO CLEARWATER, ES RESOURCES, and ASPTO; to act with the care that a person in a like position would reasonably exercise under similar circumstances and in a manner reasonably believed to be in the best interests of the company; to refrain from dealing with the company in a manner that is adverse to it; and to refrain from competing with the company.

25. Further, by entering into the IPMLA, JBI undertook the following implied obligations and duties, to be performed in the State of Florida: to provide PTO CLEARWATER with the intellectual property necessary for PTO CLEARWATER to initiate and operate the

plastic waste recovery and conversion facilities contemplated by PTO CLEARWATER's Operating Agreement and the IPMLA; and to use good faith and fair dealing in conducting business with PTO CLEARWATER under the IPMLA.

26. JBI breached its foregoing obligations and duties under the Operating Agreement and IPMLA in the following manner:

    a. Failing to provide its standard site selection criteria.

    b. Failing to provide its procedures for submitting site reports for review.

    c. Failing to provide its standard site approval form.

    d. Refusing to disclose and provide its intellectual property and confidential information for use under the Operating Agreement and IPMLA.

    e. Refusing to disclose whether it had the funding available to finance the start-up of PTO CLEARWATER's units.

    f. Generally failing to proceed under the Operating Agreement and IPMLA in a commercially reasonable manner, showing good faith, and evidencing fair dealing, in violation of the covenants of good faith and fair dealing.

27. As the proximate and direct result of JBI's breach of the Operating Agreement, PTO CLEARWATER, ES RESOURCES, and ASPTO have suffered damages in excess of $15,000.00, including, but not necessarily limited to: compensatory damages; loss of the benefit of the bargain; loss of income and profits, including those outlined, represented, and projected by JBI; and interest.

**WHEREFORE,** PTO CLEARWATER, ES RESOURCES, and ASPTO demand judgment for damages against JBI, plus interest and costs.

## COUNT III

### Breach of Right to Acquire

28. This is an action by ES RESOURCES against JBI.

29. Paragraphs 1 through 15, above, are reasserted, realleged, and incorporated by reference.

30. In addition to the foregoing, on October 5, 2009, JBI entered into a certain "Private Placement Memorandum" or "Offering Memorandum" with a group of subscribers or investors whose rights thereunder were assigned to ES RESOURCES on December 30, 2009, pursuant to a certain Assignment and Consent Agreement executed by JBI and ES RESOURCES.

31. Among the rights existing under the "Private Placement Memorandum" or "Offering Memorandum" that were assigned to ES RESOURCES was the right to acquire three "packages" of two plastic to oil conversion units each for a discounted sum, as set forth in that certain "Right to Acquire," that was attached to the "Private Placement Memorandum" or "Offering Memorandum" as Exhibit "D." A copy of the "Right to Acquire" is attached hereto as Exhibit "E," and incorporated herein.

32. JBI breached the "Right to Acquire" by failing to give ES RESOURCES the notice required under Section 9 thereof, and thus failing to honor ES RESOURCES' right to acquire three "packages" of two plastic to oil conversion units each for a discounted sum.

33. As the proximate and direct result of JBI's breach of the "Right to Acquire," ES RESOURCES has suffered damages in excess of $15,000.00, including, but not necessarily limited to: compensatory damages; loss of the benefit of the bargain; loss of income and profits, including those outlined, represented, and projected by JBI; and interest.

**WHEREFORE,** ES RESOURCES demands judgment for damages against JBI, plus interest and costs.

## DEMAND FOR JURY TRIAL

34. Plaintiffs demand a trial by jury of all issues so triable.

**DATED** this 11th day of April, 2013.

/s/ J. Marshall Fry
J. MARSHALL FRY
Attorney & Counselor at Law
905 E. M.L. King Drive, Suite 228
Tarpon Springs, Florida 34689
(727) 939-0003
E-Mail: jmfryatty@aol.com
Fla. Bar No. 435139
Attorney for Plaintiffs