UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AS PTO, LLC, a Florida Limited Liability Company; PLASTIC 2 OIL OF CLEARWATER 1, LLC, a Delaware Limited Liability Company authorized to do business in the State of Florida; and ES RESOURCES, LLC, a Florida Limited Liability Company;

        Plaintiffs,

v.

JBI, Inc., a Nevada Corporation doing business in the State of Florida,

        Defendant.
_____/

CASE NO.: 8:13-cv-1336-T-23TBM

### DEFENDANT JBI, INC.'S MOTION TO DISMISS CLAIMS IN COUNTS II AND III OF PLAINTIFFS' COMPLAINT

Defendant JBI, Inc. ("JBI"), by and through its undersigned counsel and pursuant to Rules 12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure, and 28 U.S.C. §§ 1404(a) and 1406 hereby moves the Court for dismissal of certain claims in Count II,[1] or in the alternative, transfer of those claims to the District Court of Massachusetts, and for dismissal of Count III of Plaintiffs' Complaint (Doc. No. 2).[2]

---

[1] In Count II, Plaintiffs chose to combine allegations regarding the purported breach of two separate and distinct contracts into one count. The allegations related to one of the contracts are subject to dismissal for improper venue due to a forum selection clause in that contract. The improper venue argument, however, does not apply to the other breach of contract claim in Count II and JBI has not otherwise moved to dismiss that second breach of contract claim. JBI is forced to pursue this awkward procedure of moving to dismiss only part of a count because Plaintiffs inexplicably combined two separate claims for the breach of two separate contracts in one count.

[2] This Motion addresses Counts II and III of the Complaint. Because JBI is moving to dismiss claims in these two counts, it is not required to answer the unchallenged claims at this time.

I.      **Introduction**

JBI has developed an innovative process for converting unsorted, unwashed plastic waste into ultra-clean fuel without the need for refinement.  In 2010, JBI's subsidiary Plastic2Oil Land, Inc. ("P2O Land"), who is not a party to this case, and Plaintiff AS PTO, LLC ("AS PTO") executed a written contract providing that P2O Land would license this proprietary process for this plastic to oil conversion within the State of Florida to AS PTO.  As can happen with speculative business opportunities, the envisioned plan never came into fruition, and all deposits were returned.  Now, Plaintiffs are attempting to twist an incomplete, unclear set of purported agreements, at least one of which is not even executed, into a requirement that JBI pay millions of dollars because the business plan did not work out as Plaintiffs had hoped.  Plaintiffs far overstate the liability of P2O Land, much less JBI, and P2O Land and JBI have valid defenses to all claims.  In addition, Plaintiffs fail to state viable claims in at least two of the three counts in the Complaint.

More specifically, taking all allegations of the Complaint as true solely for the purposes of this motion, this litigation centers around the supposed breach of four alleged agreements (all attached to the Complaint) among JBI's subsidiary P2O Land, and AS PTO, ES Resources, Inc. ("ESR"), and Plastic 2 Oil of Clearwater 1, LLC ("P2O Clearwater").  Each of these agreements was purportedly part of the overall transaction for AS PTO's license for P2O Land's plastic-to-oil technology, equipment and intellectual property in Florida.  Although JBI did not execute any

---

Most courts hold that a motion to dismiss "automatically extends" a defendant's time to answer a count not moved upon under Rule 12(a)(4).  *See, e.g., Beaulieu v. Bd. of Trustees of University of W. Fla.*, 2007 WL 2020161 (N.D. Fla. July 9, 2007) (collecting cases); *see also Schwartz v. Berry College, Inc.*, 1997 WL 579166 (N.D. Ga. 1997); 5A C. Wright & A. Miller, *Federal Practice & Proc.: Civil 3D* § 1346 (2004).  In an abundance of caution if the Court disagrees with the majority approach, JBI moves for an extension of time to file its answer to the remaining claims until fourteen days following the entry of an order on this motion.

2

of the alleged contracts, each of Plaintiffs' claims is brought against JBI because Plaintiffs allege that that P2O Land and JBI are one in the same.  Nowhere in the agreements, however, is there any indication that P2O Land and JBI are indeed one and the same.  Nevertheless, Plaintiffs state the following three counts against JBI for breaches of contracts either to which JBI was not a party or, in the case of Count III, to which JBI was supposedly a party but the agreement is unexecuted: Count I, "Breach of ADA;" Count II, "Breach of Operating Agreement and IPMLA;" and Count III, "Breach of Right to Acquire."  For the reasons stated below, JBI seeks to dismiss part of Count II and all of Count III.

    A.  **Count I – Claim by AS PTO against JBI for Breach of ADA**

The first of the alleged agreements at issue in this litigation is an Area Development Agreement ("ADA") entered in to by P2O Land and AS PTO, which is attached as Exhibit A to the Complaint.  The ADA is similar to a franchise agreement, and contemplates 45 development sites using P2O Land's plastic to oil technology and intellectual property.  It is executed by the P2O Land CEO and the manager of AS PTO, and forms the basis for Count I, which is not a subject of this Motion.  Nevertheless, in Count I, AS PTO alleges that JBI has breached the ADA.

    B.  **Count II – Claim by P2O Clearwater, ESR and AS PTO against JBI for Breach of Operating Agreement and IPMLA**

Count II is based upon the Operating Agreement and the Intellectual Property Master License Agreement ("IPMLA"), which are attached to the Complaint as Exhibits C and D, respectively.  The Operating Agreement is executed by the managers of P2O Clearwater, and representatives from ESR, AS PTO, and P2O Land, and governs the operation of P2O Clearwater.

Importantly, the IPMLA is between P2O Land, which is identified as "Licensor," and P2O Clearwater, which is identified as "Licensee." Indeed, the IPMLA is at core a license agreement, allowing exclusive license for the application and exploitation of P2O Land's "plastic to oil" technology in a designated area.

Significant for this Motion, the IPMLA contains unambiguous forum selection and choice of law clauses that control the resolution of any disputes involving the IPMLA, including disputes such as those raised in Count II of Plaintiffs' Complaint. The forum selection clause in the IPMLA requires any dispute between the parties to be adjudicated in federal or state court in Massachusetts. Pursuant to 28 U.S.C. § 1406, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Thus, JBI, as explained more fully below, moves the Court pursuant to Rule 12(b)(3) to dismiss this action for improper venue or, in the alternative, to transfer the claims in Count II concerning the IPMLA to the United States District Court for the District of Massachusetts, pursuant to 28 U.S.C. § 1404(a).

> C.  **Count III – Claim by ESR against JBI for Breach of a "Right to Acquire"**

Count III is based upon an alleged violation by JBI of the "Right to Acquire" attached as Exhibit E to the Complaint. However, the details are unclear. According to Count III, JBI entered into a "Private Placement Memorandum" or "Offering Memorandum," and that the subscribers thereunder assigned their rights to ESR pursuant to an "Assignment and Consent Agreement" <u>executed</u> by JBI and ESR. Complaint ¶¶ 30-31. Plaintiffs do not attach a copy of the alleged executed document, and it is unclear whether the "Rights to Acquire" are supposed to instead be the same Rights to Acquire as referenced in paragraph 3(a) the IPLMA.

4

Putting this lack of clarity aside, Count III is even more deficient in that the only document attached to the Complaint labeled "Right to Acquire" is Exhibit E. Exhibit E, however, is very clearly an exhibit to another document, perhaps the "Offering Memorandum" that it incorporates by reference, but which Plaintiffs have failed to attach. Even if the document to which Exhibit E is allegedly an exhibit was provided and the elusive memorandum were attached, no party other than JBI is referenced in the "Right to Acquire" and it is not even signed.

Should Plaintiffs claim that Exhibit E is an exhibit to some other document that <u>was</u> executed, and then provide that document, Count III would still fail to state a claim because Exhibit E clearly indicates that it:

> sets forth the entire understanding of the parties [t]hereto with respect to its subject matter, merges and supersedes all prior and contemporaneous understandings with respect to its subject matter and may not be waived or modified, in whole or in part, except by a writing signed by each of the parties [t]hereto.

Complaint, Exhibit E, ¶ 12. Thus, based on this paragraph, and the fact that the document is unsigned and no party other than JBI is indicated on the face of the document, Plaintiffs cannot claim that Exhibit E is a valid and enforceable contract.

## II.  <u>Standard of Review</u>

"On a motion to dismiss for improper venue [pursuant to Rule 12(b)(3)], the plaintiff has the burden of showing that venue in the forum is proper." *BP Products North America, Inc. v. Super Stop 79, Inc.,* 464 F. Supp. 2d 1253, 1256 (S.D. Fla. 2006). As typical with all motions to dismiss, however, the court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.*

"To survive a motion to dismiss [for failure to state a claim under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

27213842.1

plausible on its face.' " *Ashcroft v. Iqbal*, —U.S. —, —, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Id. (quoting *Twombly*, 550 U.S. at 556).

### III. The Claim for Breach of the IPMLA in Count II Must Be Dismissed Pursuant to 12(b)(3) as the Forum Selection Clause in the IPMLA Mandates That a Suit Pursuant to the IPMLA May Only Be Maintained in Massachusetts.

Pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406, JBI moves the Court to dismiss Plaintiffs' claim for breach of the IPMLA in Count II for improper venue because the forum selection clause in the IPMLA requires any litigation between the parties to be adjudicated in federal or state court in Massachusetts. Alternatively, JBI moves the Court, pursuant to 28 U.S.C. § 1404(a), to transfer the Count II claims regarding the IPMLA to the United States District Court for the District of Massachusetts.

In Count II, Plaintiffs allege that JBI (through its alleged alter ego P2O Land) breached two contracts – the Operating Agreement of P2O Clearwater (attached as Exhibit C to the Complaint), and the IPMLA (attached as Exhibit D to the Complaint). Importantly, however, the IPMLA contains an unambiguous forum selection clause that controls the resolution of any disputes involving the IPMLA, including disputes such as those raised in Count II of Plaintiffs' Complaint. Specifically, Paragraph 12 of the IPMLA, titled "Governing Law and Venue," states as follows:

> This Agreement and all matters or issues collateral thereto shall be governed by and construed and enforced in accordance with the laws of the State of Massachusetts applicable to contracts made and performed entirely therein. Venue shall be set in the State or Federal Courts of or nearest Cambridge, Massachusetts.

Doc. 2, Ex. D, IPMLA, at ¶ 12.

When PTO Clearwater executed the IPMLA, it (and thus also its members AS PTO and ESR) necessarily agreed to be bound by the IPMLA and its mandate that lawsuits be resolved by a court nearest of or nearest to Cambridge, Massachusetts.  Accordingly, as further explained below, Plaintiffs' claim that JBI has breached the IPMLA must be dismissed so that Plaintiffs may instead bring that claim in the proper venue.

> A. **This Case Should Be Dismissed For Improper Venue Because The Parties Are Bound By Their Agreed-Upon Forum Selection Clause.**

A motion to dismiss premised upon a choice of forum clause is properly brought pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure.  *See Lipcon v. Underwriters at Lloyd's, London*, 148 F.3d 1285, 1290 (11th Cir. 1998).  As noted above, on a motion to dismiss based on improper venue, plaintiffs have the burden of showing that venue in the forum is proper.  *See In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989).  A court will enforce a forum selection clause where, such as here, the clause contains mandatory language requiring litigation to be filed in a certain court or jurisdiction.  *See Florida Polk County v. Prison Health Services, Inc.,* 170 F.3d 1081, 1083-84 (11th Cir. 1999).

It is well settled that parties to a contract may bargain in advance to select the forum in which their disputes will be adjudicated.  *See M/S Breman v. Zapota Off-Shore Co.*, 407 U.S. 1, 12-14 (1972).[3]  Forum selection clauses are <u>presumed valid</u> and "should be enforced unless a strong showing is made that enforcement would be unreasonable and unjust or that the clause was invalid for such reasons as fraud or overreaching." *BP Products North America, Inc.*, 464 F. Supp. 2d at 1256; *see also In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (finding that the district court abused its discretion in denying transfer motion based on forum selection clause because the

---

[3] The Eleventh Circuit has established that consideration of whether to enforce a forum selection clause in a diversity jurisdiction case such as this one is governed by federal law, not state law. *See P&S Business Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003).

case did not "present the type of 'exceptional' situation in which judicial enforcement of a contractual choice of forum clause would be improper") (citation omitted).

Here, there can be no dispute that the parties to the IPMLA agreed to be bound by the terms and conditions of the IPMLA. Plaintiffs (as members of P2O Clearwater) voluntarily assented, without objection, to the IPMLA. Nor can there be any dispute that the forum selection clause in the IPMLA requires any litigation to be adjudicated in state or federal courts of or nearest to Cambridge, Massachusetts. Since Plaintiffs' claims in Count II that JBI breached the IPMLA necessarily arise out of the IPMLA, Plaintiffs are bound by the forum selection clause in the IPMLA, and venue is not proper in this Court. Under these circumstances, dismissal is appropriate. *See e.g., Lipcon*, 148 F.3d at 1290 (affirming district court's dismissal based on a forum selection clause).

Plaintiffs do not contend in their Complaint that the IPMLA or its forum selection clause are unenforceable, but should they choose to make that argument in opposition to this Motion, the burden will be on the Plaintiffs to show unenforceability, and the burden is a heavy one. *See, e.g. Stewart Organization v. Ricoh Corp*, 487 U.S. 22, 26 (1988) (Kennedy, J., concurring) ("[A] valid forum-selection clause is given controlling weight in all but the most exceptional cases"); *Mitsui & Co (USA) v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997) ("The burden of proving unreasonableness is a heavy one, carried only by a showing that the clause results from fraud or overreaching, that it violates a strong public policy, or that enforcement of the clause deprives the plaintiff of his day in court").

Plaintiffs will not be deprived of their day in court if they have to re-file their Count II claims concerning the IPMLA in a court of competent jurisdiction in Massachusetts, and the forum selection clause does not violate public policy. In fact, enforcing the parties' chosen choice of

forum supports the Florida public policies protecting freedom of contract and enforcement of contractual obligations. *See In re Ricoh Corp.*, 870 F.2d at 573 (recognizing strong public policy favoring enforcement of contractual obligations); *Walls v. Quick & Reilly, Inc.,* 824 So. 2d 1016, 1018 (Fla. 5th DCA 2002) (recognizing Florida's strong public policy protecting freedom of contract). And, since Massachusetts law governs any dispute concerning the IPMLA (*see* Doc. IPMLA, at ¶ 12), it is more appropriate and efficient for a court in Massachusetts to hear these claims. For these reasons, the Court should dismiss the claims in Count II related to the IMPLA under Fed. R. Civ. P. 12(b)(3).

> **B.    Alternatively, This Case Should Be Transferred To The District Of Massachusetts.**

If the Court decides that dismissal is not warranted, the claims pursuant to the IPMLA should be transferred to the United States District Court for the District of Massachusetts. Pursuant to 28 U.S.C. § 1404(a), a district court may transfer any civil action to any other district or division where it might have been brought. Here, the parties to the IPMLA entered into a clear and unambiguous forum selection clause designating courts near Cambridge, Massachusetts, as the exclusive forum for litigating disputes between them. In the interest of justice, this Court should enforce the parties' previously established choice of forum.

In deciding whether to transfer a case, the Court must weigh several factors, including convenience, cost, judicial economy, and the expedition of discovery and trial processes. *See Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). A forum selection clause, however, is "a significant factor that figures centrally in the District Court's calculus." *Stewart Org.*, 487 U.S. at 29. While other circuits give varying weight to a forum selection clause, "the Eleventh Circuit gives nearly conclusive weight to such a clause in deciding a § 1404(a) transfer motion." *General Pump & Well, Inc. v. Laibe Supply Corp*, 2007 WL 4592103, *4 (S.D. Ga.

Dec. 28, 2007) (citing *In re Ricoh Corp.*, 870 F.2d at 573, stating that "while other factors might 'conceivably' militate against a transfer…the venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors"); *see also P&S Bus. Machines, Inc. v. Canon USA, Inc.*, 331 F.3d 804, 807 (11th Cir. 2003) (same).  And, as demonstrated in the preceding section, courts in this District and throughout the Eleventh Circuit recognize that parties opposing enforcement of a forum selection clause bear a heavy burden.

If the claims pursuant to the IPMLA are not dismissed for improper venue, the Court should transfer those claims to the District of Massachusetts because Plaintiffs (as the members of P2O Clearwater) assented to the forum selection and choice of law provision contained in the IPMLA.  The IPMLA expresses the parties' intent that all suits arising out of the IPMLA <u>shall</u> be adjudicated in the courts of or nearest to Cambridge, Massachusetts.  Doc. 2, Ex. D, IPMLA, at ¶ 12.  Further, as noted above, given that the IPMLA also provides that Massachusetts law must govern any dispute, it is more efficient and appropriate for a federal court in Massachusetts to hear the claims related to the IPMLA.  As such, JBI respectfully requests that the Court transfer the claims in Count II related to the IPMLA to the United States District Court for the District of Massachusetts to effectuate the IPMLA signatories' intent that their disputes be litigated in a court of or nearest Cambridge, Massachusetts.

**IV.     <u>Count III Should Be Dismissed Because There Is No Valid Contract</u>**

Count III should be dismissed in full because the alleged contract at the heart of Count III – the "Right to Acquire" – is unenforceable under Florida law.  To state a claim for breach of contract, a plaintiff must allege: (a) the existence of a contract; (b) breach of the contract; and (c) damages resulting from the breach.  *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA 2006); *Beck v. Lazard Freres & Co., LLC,* 175 F.3d 913, 914 (11th Cir.1999).  Contracts must

10

reflect a "meeting of the minds" as to the material terms of the parties' agreement. *See, e.g.*, *Winter Haven Citrus Growers Ass'n v. Campbell & Sons Fruit Co.*, 773 So. 2d 96, 97 (Fla. 2d DCA 2000). Without a meeting of the minds as to all material terms, there can be no valid, binding contract subject to enforcement. *Mid-State Fed. Bank v. Marketing & Mgm't. Assoc., Inc.*, 570 So. 2d 1016, 1017 (Fla. 5th DCA 1990). Here, neither ESR (who, according to ¶ 28 of the Complaint is bringing this claim) nor JBI signed the alleged contract, and the only party even identified is JBI. This can hardly be evidence of a basic agreement, much less an agreement as to material terms.[4]

Even taking ESR's allegations as true, the fact remains that there are no signatures to the "contract." Without signatures, there can be no meeting of the minds; without evidence of meeting of the minds, there can be no contract. Because there is no valid, binding contact based on ESR's allegations of breach of the "Right to Acquire," Plaintiffs cannot state a claim.

**V.    Conclusion**

JBI is not moving for the dismissal of the entire Complaint. Rather, JBI moves to dismiss those allegations in Count II that by the terms of the alleged contract must be adjudicated in another forum. Also, JBI seeks dismissal of Count III as Plaintiffs cannot state a claim for breach of contract because the "contract" at the heart of the count is unexecuted and unenforceable.

---

[4] While it is true that an unsigned contract may be binding and enforceable where the parties perform under the contract, because assent may be shown by the parties' conduct, *see Consol. Res. Healthcare Fund I, Ltd. v. Fenelus*, 853 So.2d 500 (Fla. 4th DCA 2003), ESR's own allegations make such an exception inapplicable here, as the very basis of the Complaint is non-compliance with the alleged contracts.

WHEREFORE, JBI respectfully requests that the Court dismiss the allegation that the IPMLA was breached in Count II and the entirety of Count III, and grant any other relief it deems proper.

Respectfully submitted,

/s/ **Amanda Arnold Sansone**
Gregory M. Cesarano
Florida Bar No. 217761
CARLTON FIELDS, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, FL 33131
Telephone:     (305) 530-0050
Facsimile:     (305) 530-0055
Email:   gcesarano@carltonfields.com

and

Amanda Arnold Sansone
Florida Bar Number 587311
Jacqueline R. Ambrose
Florida Bar Number 0085700
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601
Telephone:     (813) 223-7000
Facsimile:     (813) 229-4133
Email:   asansone@carltonfields.com
            jambrose@carltonfields.com

*Attorneys for Defendant JBI, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 18th day of June, 2013, I electronically filed the foregoing with the Clerk, U.S. District Court, Middle District of Florida, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Amanda Arnold Sansone*