UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**AS PTO, LLC**, etc., et. al.

    Plaintiffs,

v.                                                                           CASE NO.: 8:13-cv-1336-T-23TBM

**JBI, INC.**, etc.,

    Defendant.

_____/

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS CLAIMS IN COUNTS II AND III OF COMPLAINT**

**COME NOW,** the Plaintiffs, by and through their undersigned attorney, and submit this, their Memorandum in Opposition to Defendant's Motion to Dismiss Claims in Counts II and III of Plaintiffs' Complaint:

**I.    Introduction:**

Plaintiffs initiated this action against the Defendant in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, Florida. Defendant subsequently removed the action to this Court, as was the Defendant's right under 28 U.S.C. §1441. The Plaintiffs' Complaint seeks to recover damages from the Defendant due to the breach of four contracts or agreements with one or more of the Plaintiffs. In Count I of the Complaint, Plaintiff, **AS PTO, LLC** ("ASPTO"), seeks to recover for Defendant's breach of the Area Development Agreement entered into by ASPTO and Defendant's wholly owned and since dissolved subsidiary, Plastic2Oil Land, Inc., which Plaintiffs allege was under-capitalized and the alter ego of the Defendant. In Count II of the Complaint, Plaintiffs ASPTO, **PLASTIC 2 OIL OF CLEARWATER 1, LLC** ("P2O CLEARWATER"), and **ES RESOURCES, LLC** ("ESR"), seek to recover for Defendant's breach of P2O CLEARWATER's Operating Agreement entered into by ASPTO, ESR, and P2O

1

CLEARWATER with Plastic2Oil Land, Inc., as well as the Intellectual Property Master Licensing Agreement ("IPMLA") between P2O CLEARWATER and Plastic2Oil Land, Inc. Finally, in Count III of the Complaint, ESR seeks to recover for Defendant's breach of the Right to Acquire that was part of Defendant's Private Placement Memorandum to which ESR and its assignors subscribed in 2009. Count II of the Complaint, as it relates to the IPMLA, and Count III, are the subjects of Defendant's Motion to Dismiss. Additionally, while Defendant engages in some editorializing and supposition concerning other allegations of the Complaint, Plaintiff notes that such are not part of Defendant's basis for the Motion to Dismiss, and therefore will not be addressed here.

**II.     Count II of the Complaint is not Subject to Dismissal or Transfer because of the Forum Selection Provision of the IPMLA:**

In its Motion to Dismiss, Defendant asserts that Count II of the Complaint, as it pertains to the IPMLA, should be dismissed, or the cause transferred to the District Court for Massachusetts, solely because of the forum selection provision in the IPMLA. What the Defendant overlooks in making its argument, however, is that the forum selection clause within a contract is not the only factor that the Court takes into consideration in ruling upon a motion to dismiss or transfer under 28 U.S.C. §1404. Specifically, the Court must consider whether the forum selection provision is permissive or mandatory in nature. *Florida Polk County v. Prison Health Systems*, 170 F. 3d 1081, 1083 (11th Cir. 1999); *Citro Florida, Inc., v. Citrovale, S.A.*, 760 F. 2d 1231 (11th Cir. 1985). Further, the Court may consider whether the provision is reasonable or unreasonable, under the circumstances, or whether the contractual forum is sufficiently inconvenient to justify the retention of the action. *In re: Ricoh Corp.*, 870 F. 2d 570, 573 (11th Cir. 1989). The burden to persuade the Court that the contractual forum should not be the forum in which the matter is litigated rests with the party who seeks to avoid the application

of the forum selection provision. *Id*., at 573. As a result, in this case, the burden lies with the Plaintiffs to show the Court that their claim under the IPMLA should be litigated before this Court, as opposed to the District Court of Massachusetts. It is the Plaintiffs' position that the forum selection provision of the IPMLA is permissive and non-exclusive; and that its enforcement in this case would be unreasonable and inconvenient to the parties and their witnesses.

      A.    **The Forum Selection Provision of the IPMLA is Permissive and Non-Exclusive, and does not Prevent this Court from exercising Jurisdiction over the Plaintiffs' Claim under the IPMLA.**

As the court indicated in *Florida Polk County v. Prison Health Systems*, 170 F. 3d 1081, 1083 (11th Cir. 1999), in ruling whether a cause should be dismissed or transferred pursuant to a forum selection provision of a contract, the Court must determine whether the provision is mandatory or permissive in nature. *Id*., at 1083, note 8. If the provision is mandatory and unambiguous in nature, then the Court must enforce the provision, absent other reasons why it should not be enforced. *Id*. If, however, the provision is permissive, non-exclusive, vague, or ambiguous, then the Court need not enforce the provision, and may retain jurisdiction over the claim. *Citro Florida, Inc., v. Citrovale, S.A.*, 760 F. 2d 1231 (11th Cir. 1985).

The forum selection provision of the IPMLA provides as follows:

Venue shall be set in the State or Federal Courts of or nearest Cambridge, Massachusetts.

Courts have held that, even where the forum selection provision employs the word "shall," the provision is permissive in nature when exclusive language such as "only" or "exclusive" is omitted. *See*: *Keaty v. Freeport Indonesia, Inc*., 503 F. 2d 955 (5th Cir. 1974); *John Boutari and Sons Wines & Spirits S.A. v. Attiki Importers & Distributors, Inc*., 22 F. 3rd 51 (2d Cir. 1994). *Hunt Wesson Foods, Inc., v. Supreme Oil Co.*, 817 F. 2d 75, 77 (9th Cir. 1987);

*Byrd v. Admiral Moving and Storage, Inc.*, 355 F. Supp. 2d 234, 238 (D.D.C. 2005); *Beckley v. Auto Profit Masters, L.L.C.*, 266 F.Supp. 2d 1001, 1004 (S.D. Iowa 2003). Applying these holdings to the forum selection provision quoted above, it is apparent that the provision is permissive in nature, giving the Federal or state courts within Massachusetts jurisdiction over claims that may not have otherwise been within their jurisdiction. Just as clearly, however, the provision does not grant exclusive jurisdiction to the Federal or state courts within Massachusetts to consider claims under the agreement; the provision does not recite that Massachusetts based courts have exclusive jurisdiction over disputes concerning the IPMLA, or that they are the only courts with such jurisdiction. As a result, the forum selection provision of the IPMLA does not mandate this Court's dismissal of Plaintiffs' claim under the IPMLA, or the transfer of the claim to the District Court of Massachusetts, and the Defendant's Motion to Dismiss or Transfer should be denied.

   **B. Even if the Court Determines the Forum Selection Provision of the IPMLA is Mandatory, the Enforcement of such in this Case is Sufficiently Unreasonable and Inconvenient to Warrant this Court Retaining Jurisdiction over the Plaintiff's Claim under the IPMLA.**

   Additionally, in ruling upon whether a cause should be dismissed or transferred based upon a forum selection clause, the court may consider whether the clause is reasonable, or whether the contractual forum is sufficiently inconvenient to justify the retention of the action. *In re: Ricoh Corp.*, 870 F. 2d 570, 573 (11th Cir. 1989). As this Court held in *Contraves Inc., v. McDonnell Douglas Corporation*, 889 F. Supp. 470, 472 (M.D. Fla. 1995), "a forum selection clause is reasonable if it neither causes unfair inconvenience to third parties nor implicates an interest of justice." *Id. See also*: *Stewart Org., Inc., v. Ricoh Corp.*, 487 U.S. 22, 28-29, 108 S. Ct. 2239, 101 L.Ed. 2d 22 (1988); *P&S Business Machines, Inc., v. Canon UDA, Inc.*, 331 F. 3d 804, 807 (11th Cir. 2003).

4

If not for the forum selection clause in the IPMLA, it is clear jurisdiction over this action may properly lie in the Middle District of Florida. As the Plaintiffs assert in their Complaint, and the Defendant asserts in its Notice of Removal, each of the Plaintiffs is a Florida entity, is doing business in Florida, or is a Florida "citizen" for purposes of diversity jurisdiction. Additionally, as the Plaintiffs assert in their Complaint, and the Defendant asserts in its Notice of Removal, the Defendant is a Nevada entity, with its principal place of business in New York, and is a "citizen" of Nevada and New York for purposes of diversity jurisdiction. Further, as Plaintiff asserts in its Complaint, and which Defendant has not contested, Defendant is conducting business in the State of Florida, as evidenced by the exhibits to the Plaintiffs' Complaint, as well as by documentary evidence available on the Defendant's website, www.plastic2oil.com. Finally, as alleged by the Plaintiffs, the actions giving rise to this action occurred in the State of Florida. As such, absent the forum selection provision, the Middle District of Florida is clearly a proper forum for this action.

Faced with the forum selection provision of the IPMLA, however, this Court must look further than Florida's obvious connection with the parties and the subject matter of the litigation concerning whether the IPMLA was breached. With that in mind, Plaintiffs note the following:

1. Regarding the prospective witnesses in this case, most of the Plaintiffs' principals either are residents of, or have significant connections and contacts with, the State of Florida, while none of them is a resident of the State of Massachusetts. Inasmuch as Defendant's principal place of business is in Niagara Falls, New York, most or all of its officers and representatives are presumably residents of New York. Inasmuch as the IPMLA was subject to performance in Florida, most third party witnesses called upon to attest to the breach of the agreement, either will be Florida residents, or will have sufficient contacts to the parties (i.e.,

employees of the parties) or the State of Florida so as to fall within the subpoena power of the court. On the other hand, to the best of the knowledge of Plaintiffs' principals, employees, agents, and representatives, there are no witnesses that can address the IPMLA and its alleged breach that reside in Massachusetts. As a result, the selection of Massachusetts as the forum for an action under the IPMLA is unreasonable – none of the prospective witnesses to be called is a Massachusetts citizen, nor are they subject to the compulsory process of the courts located in Massachusetts.

2. Regarding the documentary evidence concerning the IPMLA and Defendant's breach of the same, most of it is located in Florida, New York, Washington D.C. (in the case of materials on file with the governmental agencies governing or overseeing the intellectual property in question), and, possibly, Ottawa, Toronto, and other Canadian cities (in the case of materials either held or registered by Defendant in or through its offices in Canada). While Defendant at one time had an office in Massachusetts, Plaintiffs' principals and agents believe that the same has been closed. As a result, Plaintiffs' principals and agents do not believe there are any documents relevant to its claims under the IPMLA within the State of Massachusetts.

3. Defendant's breach of the IPMLA is effectively part of its breach of the P2O CLEARWATER operating agreement, over which this Court clearly has jurisdiction. Specifically, Defendant's failure to perform its duties under the IPMLA resulted, in part, in its failure to perform its implied duties under the P2O CLEARWATER operating agreement. To sever Plaintiffs' claim under the IPMLA from the overall case before this Court, and transfer it to the District Court for Massachusetts, would result in two cases in two districts concerning the same parties, facts, and issues. Such would not only result in additional undue expense to the parties, and additional hardship on the third party witnesses required to testify in both actions, it

would fly in the face of the concept of judicial economy, and place an undue burden on another district court.

In light of the foregoing, it is apparent that enforcing the forum selection provision of the IPMLA will cause undue hardship on not only the Plaintiffs, but on the Defendant, the third party witnesses, and the judicial system as well. As such, even if this Court finds the forum selection provision of the IPMLA is mandatory, enforcing the provision is sufficiently unreasonable and inconvenient to justify this Court retaining jurisdiction over the Plaintiff's claim under the IPMLA in Count II of the Complaint. Therefore, the Defendant's Motion to Dismiss or Transfer the Plaintiffs' claim under the IPMLA set forth in Count II of the Complaint should be denied.

### III. Count III of the Complaint is not Subject to Dismissal for the Reasons Asserted by the Defendant.

In its Motion to Dismiss, Defendant asserts that Count III of the Plaintiffs' Complaint should be dismissed because the contract upon which it is based is unsigned and, thus, unenforceable. Initially, Plaintiffs note they originally filed their Complaint in the Sixth Judicial Circuit of the State of Florida, and it was subject to the Florida Rules of Civil Procedure. Under Rule 1.130(a), Florida Rules of Civil Procedure, a Plaintiff is required to incorporate into or attach to a complaint either the contract upon which the action is brought, a copy of the contract, or a copy of the portions of the contract that are material to the pleading. The Rule further indicates, "no papers shall be unnecessarily annexed as exhibits," and the pleading, "shall contain no unnecessary recitals of deeds, documents, contracts, or other instruments." Rule 1.130(a), Florida Rules of Civil Procedure. It was with this requirement in mind that Plaintiffs alleged in Count III of the Complaint that:

A. Defendant entered into the "Private Placement Memorandum" or "Offering Memorandum" with Plaintiff ESR's assignors (paragraph 30);

B. included among the rights under the "Private Placement Memorandum" or "Offering Memorandum" was the right to acquire three "packages" of two plastic to oil conversion units each for a discounted sum under the "Right to Acquire" that was attached to the Memorandum, a copy of which was attached to the Complaint as an exhibit (paragraph 31);

C. Defendant breached the "Right to Acquire" by failing to give Plaintiff ES RESOURCES the notice required under Section 9 thereof, and thus failing to honor Plaintiff ES RESOURCES' right to acquire three "packages" of two plastic to oil conversion units each (paragraph 32); and,

D. Plaintiff ESR was damaged by Defendant's breach or the Right to Acquire (paragraph 33).

Plaintiffs omitted attaching the entirety of the "Private Placement Memorandum" or "Offering Memorandum," inasmuch as it is voluminous and contains provisions and materials that were and are not relevant to the stated cause of action. In omitting the entirety of the "Private Placement Memorandum" or "Offering Memorandum," however, Plaintiffs were aware that Defendant may very well assert a motion for more definite statement under Rule 1.140(e), Florida Rules of Civil Procedure, if Defendant found it unreasonably difficult to respond to Count III without the attachment of the Memorandum.

Plaintiffs note there is no comparable express requirement to attach exhibits to a complaint under the Federal Rules of Civil Procedure, although it is better practice to do so. That said, the Complaint clearly alleges the elements of a breach of contract under Florida law: formation; breach; and damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860, 876 (Fla. 2d DCA

2006); *Beck v. Lazard Freres & Co., LLC,* 175 F. 3d 913, 914 (11th Cir. 1999). Therefore, to the extent the Defendant's motion is one to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, the same should be denied. Alternatively, should the Court treat Defendant's motion as one for a more particular statement under Rule 12(e), Federal Rules of Civil Procedure, and grant it as such, Plaintiffs request 21 days in which to either amend their Complaint, or make their more particular statement of the cause of action asserted in Count III.

**IV.** **Conclusion**:

Contrary to the Defendant's assertion, Count II of the Complaint is not subject to dismissal or transfer because of the forum selection provision of the IPMLA, inasmuch as the provision is permissive and non-exclusive, and does not prevent this Court from exercising jurisdiction over the Plaintiffs' claim under the IPMLA. Further, even if the Court determines the forum selection provision of the IPMLA is mandatory, the enforcement of such in this case is sufficiently unreasonable and inconvenient to warrant this Court retaining jurisdiction over the Plaintiff's claim in Count II under the IPMLA. As for Defendant's assertion that Count III of the Complaint is subject to dismissal, the Complaint clearly alleges the elements of a breach of contract under Florida law: formation; breach; and damages. To the extent that the Plaintiffs only attached the "Right to Acquire" to the Complaint, and did not attach the entirely of the "Private Placement Memorandum" or "Offering Memorandum," such was done to avoid attaching immaterial portions of a lengthy contract to the Complaint under the authority of the Rules of Civil Procedure that were applicable when the Plaintiffs filed the Complaint in state court. As a result, Defendant's Motion to Dismiss Counts II and III of the Plaintiffs' Complaint should be denied.

**RESPECTFULLY SUBMITTED** this 2nd day of July, 2013.

/s/ J. Marshall Fry_____
J. MARSHALL FRY
Attorney & Counselor at Law
905 E. M.L. King Drive, Suite 228
Tarpon Springs, Florida 34689
(727) 939-0003
(727) 939-0251 Fax
E-Mail: jmfryatty@aol.com
Fla. Bar No. 435139
Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of July, 2013, I electronically filed the foregoing with the Clerk, U.S. District Court, Middle District of Florida, by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ J. Marshall Fry_____
J. MARSHALL FRY
Attorney & Counselor at Law
Attorney for Plaintiffs