UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AS PTO, LLC, a Florida Limited
Liability Company; PLASTIC 2 OIL OF
CLEARWATER 1, LLC, a Delaware
Limited Liability Company authorized to
do business in the State of Florida; and
ES RESOURCES, LLC, a Florida
Limited Liability Company;

        Plaintiffs,                          CASE NO.: 8:13-cv-1336-T-23TBM

v.

JBI, Inc., a Nevada Corporation doing
business in the State of Florida,

        Defendant.
_____/

## CASE MANAGEMENT REPORT

1.     **Meeting of Parties**: Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a conference was held on **July 18, 2013 at 1:30 p.m., at the Tampa office of Carlton Fields, P.A.**, and was attended by:

| Name | Counsel for (if applicable) |
|---|---|
| **J. Marshall Fry** | **Plaintiffs** |
| **Amanda Arnold Sansone** | **Defendant** |
| **Greg Cesarano (appeared telephonically)** | **Defendant** |

2.     **Initial Disclosures**

    a.   Fed. R. Civ. P. 26(a)(1) as amended December 1, 2000 provides that "[e]xcept in categories of proceedings specified in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by order, a party must, without awaiting a discovery request, provide to other parties: (A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information; (B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; (C) a computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from

27720832.11

disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and (D) for inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P.26(a)(1).[1]

The parties (check one)

___ have exchanged information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D)

_X_ or agree to exchange such information on or before **November 22, 2013**.[2]

___ stipulate to not disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) for the specific reason(s) that:

   ___ have been unable to reach agreement on whether to disclose information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D). (Identify party or parties)

   _____ objects to disclosure of such information for the specific reason(s) that:

3. **Discovery Plan – Plaintiff(s)**: The parties jointly propose the following Plaintiffs' discovery plan:

   a.   Plaintiff's Planned Discovery: A description of every discovery effort Plaintiffs plan to pursue is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

      (1)   <u>Requests for Admission</u>: **Plaintiffs may serve such requests per the Federal Rules of Civil Procedure ("Rules").**

---

[1] A party must make its initial disclosures based on the information then reasonably available to it and is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. See Fed. R. Civ. P. 26(a)(1).

[2] Information referenced by Fed. R. Civ. P. 26(a)(1)(A)-(D) must be made "at or within 14 days of the Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in the circumstances of the action and states the objection in the Rule 26(f) discovery plan." Fed. R. Civ. P. 26(a)(1). Any party first served or otherwise joined after the Rule 26(f) conference must make these disclosures within 30 days after being served or joined unless a different time is set by stipulation or court order. See Fed. R. Civ. P. 26(a)(1).

Number of Requests for Admission: Parties may seek to limit the number of Plaintiffs' requests for admission in accordance with Fed.R. Civ.P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) Written Interrogatories: **Plaintiffs may serve interrogatories per the Rules.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Plaintiffs to exceed this limit must be presented by motion. See paragraph 6 below.

(3) Requests for Production or Inspection: **Plaintiffs may serve such requests per the Rules.**

(4) Oral Depositions: **Plaintiffs may conduct depositions in accordance with the Rules.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Plaintiffs to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

     b     Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Plaintiffs' Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here: **March 7, 2014.**

     c.     Supplementation of Disclosures and Responses: Parties agree that Plaintiffs' supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times: **The parties agree that Plaintiffs shall supplement their discovery responses in a timely manner as required by the Rules, but no later than 30 days before the completion of discovery.**

     d.     Completion of Discovery: Plaintiffs will commence all discovery in time for it to be completed on or before: **May 1, 2014.**

**4.** **Discovery Plan - Defendant(s)**: The parties jointly propose the following Defendants' discovery plan:

a. Defendant's Planned Discovery: A description of every discovery effort planned by Defendant is described below. The description of each discovery effort will be listed under the appropriate heading below and will include the subject matter of the discovery and the time during which the discovery will be pursued:

(1) Requests for Admission: **Defendant may serve such requests per the Rules.**

Number of Requests for Admission: Parties may seek to limit the number of Defendants' requests for admission in accordance with Fed.R.Civ.P. 26(b)(2). Any such request must be presented by motion. See paragraph 6 below.

(2) Written Interrogatories: **Defendant may serve interrogatories per the Rules.**

Number of Interrogatories: Local Rule 3.03(a) provides "[u]nless otherwise permitted by the Court for cause shown, no party shall serve upon any other party, at one time or cumulatively, more than twenty-five (25) written interrogatories pursuant to Rule 33, Fed.R.Civ.P., including all parts and subparts." Any request by Defendants to exceed this limit must be presented by motion. See paragraph 6 below.

(3) Requests for Production or Inspection: **Defendant may serve such requests per the Rules.**

(4) Oral Depositions: **Defendant may conduct depositions in accordance with the Rules.**

Number of Depositions: Local Rule 3.02(b) provides, "[i]n accordance with Fed.R.Civ.P. 30(a)(2)(A) and 31(a)(2)(A), no more than ten depositions per side may be taken in any case unless otherwise ordered by the Court." Any request by Defendants to exceed this limit must be presented by motion. See paragraph 6 below.

Time Permitted for Each Deposition, in accordance with Fed.R.Civ.P. 30(d), is limited to one day of seven hours, unless extended by stipulation of the parties or order of the Court.

b. Disclosure of Expert Testimony: Parties stipulate, in accordance with Fed.R.Civ.P. 26(a)(2)(C), that Defendants' Fed.R.Civ.P. 26(a)(2) disclosure will be due as noted here: **April 1, 2014.**

c. Supplementation of Disclosures and Responses: Parties agree that Defendants' supplementation under Fed.R.Civ.P. 26(e) will be provided at the following times: **The parties agree that Defendants shall supplement their discovery responses in a timely manner as required by the rule, but no later than 30 days before the completion of discovery.**

d.   Completion of Discovery: Defendants will commence all discovery in time for it to be completed on or before: **May 1, 2014**.

5.   Joint Discovery Plan - Other Matters: Parties agree on the following other matters relating to discovery (e.g., handling of confidential information, assertion of privileges, whether discovery should be conducted in phases or be limited to or focused upon particular issues): **The parties will endeavor to agree upon appropriate non-sharing protective orders and confidentiality orders prior to asking the Court to rule upon motions for such. The parties anticipate submitting agreed orders regarding confidentiality of discovery documents and electronically stored information to be entered by the Court.**

6.   Disagreement or Unresolved Issues Concerning Discovery Matters: Any disagreement or unresolved issue will not excuse the establishment of discovery completion dates. The parties are unable to agree as to the following issues concerning discovery:

**None at this time.**

7.   Third-Party Claims/Joinder of Parties and Potentially Dispositive Motions: Parties agree that the final date for filing motion for leave to file third-party claims or motion to join parties should be: **November 1, 2013**; and that the final date for filing all potentially dispositive motions (for summary judgment or other) should be: **June 16, 2014**.

8.   Settlement and Alternative Dispute Resolution: Pursuant to Local Rule 3.05(c)(2)(C)(v), the parties submit the following statement concerning their intent regarding Alternative Dispute Resolution.

Parties agree that settlement is (check one): _____ likely   X   unlikely

Parties agree to consent to binding arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b) (check one) _____ yes   X   no _____ likely to agree in the future.

If binding arbitration is not agreed to, the court may order nonbinding arbitration pursuant to Chapter Eight of the Local Rules of the Middle District of Florida, mediation pursuant to Chapter Nine of the Local Rules of the Middle District of Florida, or Both.

**As addressed in section 13 below, the parties have already scheduled a mediation in this case.**

9.   Consent to Magistrate Judge Jurisdiction: The Parties agree to consent to the jurisdiction of the Unites States Magistrate Judge for final disposition, including trial. See 28 U.S.C. § 636. (check one) _____ yes   X   no _____ likely to agree in future

10.   Preliminary Pretrial Conference: **The Parties do not request a preliminary pretrial conference.**

Track Three Cases: Local Rule 3.05(c)(3)(B) provides that a preliminary pretrial conferences are mandatory are mandatory in Track Three Cases.

**11.** **Final Pretrial Conference and Trial**: Parties agree that they will be ready for a final pretrial conference on or after **October 1, 2014** and for (check one) ___ Jury _x_ Non-Jury trial on or after **November 3, 2014**. This trial is expected to take approximately **5** days.

**12.** **Pretrial Disclosure and Final Pretrial Procedures**: Parties acknowledge that they are aware of and will comply with pretrial disclosure requirements in Fed.R.Civ.P. 26(a)(3) and final pretrial procedures requirements in Local Rule 3.06.

**13.** **Others Matters (if any)**:

The Parties have consulted and agreed to conduct an early mediation on **October 29, 2013**. The parties have also agreed the presiding mediator will be the **Honorable James R. Case**.

Date: __July 31, 2013__

/s/ J. Marshall Fry
J. Marshall Fry
Florida Bar No. 435139
905 E. M. L. King Drive, Suite 228
Tarpon Springs, Florida 34689
Telephone: (727) 939-0003
Email: jmfryatty@aol.com

*Attorney for Plaintiffs*

/s/ Amanda Arnold Sansone
Gregory M. Cesarano
Florida Bar No. 217761
CARLTON FIELDS, P.A.
Miami Tower
100 S.E. Second Street, Suite 4200
Miami, Florida 33131
Telephone:   (305) 530-0050
Facsimile:   (305) 530-0055
Email: gcesarano@carltonfields.com

and

Amanda Arnold Sansone
Florida Bar Number 587311
Jacqueline R. Ambrose
Florida Bar Number 0085700
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Blvd., Suite 1000 (33607)
Post Office Box 3239
Tampa, Florida 33601

        Telephone:  (813) 223-7000
        Facsimile:  (813) 229-4133
        Email: asansone@carltonfields.com
        Email: jambrose@carltonfields.com

*Attorneys for Defendant JBI, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 31, 2013, I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, which will provide electronic notification to all counsel of record.

        /s/ **Amanda Arnold Sansone**
        Amanda Arnold Sansone