UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AS PTO, LLC, et. al.,

    Plaintiffs,

v.                                      CASE NO. 8:13-cv-1336-T-23TBM

JBI, INC.,

    Defendant.

_____/

**ORDER**

    The defendant, JBI, Inc., developed "an innovative process for converting unsorted, unwashed plastic waste into ultra-clean fuel without the need for refinement." (Doc. 6 at 2) In an Area Development Agreement (the development agreement), JBI granted ASPTO the exclusive right to market, develop, and license JBI's new technology. ASPTO solicited investors and formed PTO Clearwater, and JBI and ASPTO entered into both an Operating Agreement (the operating agreement) and an Intellectual Property Master License Agreement (the license agreement).

    Count I of the complaint alleges a breach of the development agreement and states that JBI solicited investors directly in violation of the territorial exclusivity provision of the development agreement. Count II alleges a breach of contract under

both the operating and the licensing agreement and claims that JBI failed to deliver the intellectual property or to select a site for development.  Count III alleges that JBI breached an "Offering Memorandum" with a group of investors by failing to deliver two packages of convertible plastic.

The license agreement, which chooses Massachusetts law for construction and enforcement of the contract, contains a forum selection clause:

> Venue shall be set in the State or Federal Courts of or nearest Cambridge Massachusetts.

As *Cornett v. Carrithers*, 465 Fed. Appx. 841, 843 (11th Cir. 2012), explains:

> A forum selection clause may be either "mandatory" or permissive" in nature. A mandatory clause prescribes a specific forum in which litigation regarding the contracted-to subject matter must be brought; a permissive clause, by contrast, identifies a forum in which such litigation permissibly may be brought, but on a non-exclusive basis. One hallmark of a mandatory clause is the use of the imperative term 'shall," which prescribes a "requirement."

(citations omitted)  In this action, the forum selection clause in the license agreement is mandatory owing to the inclusion of "shall," a word with a history of alternate success and failure as a term creating an act that is mandatory, rather than discretionary or permissive. *See* Antonin Scalia & Bryan Garner *Reading Law: The Interpretation of Legal Texts* 112-15 (Thomson West 2012); Bryan A. Garner *Garner's Dictionary of Legal Usage* 952-53 (Oxford Univ. Press 2011) (under "words of authority").  However, as deployed by the drafter and in the particular context of the license agreement "shall" successfully establishes a mandatory venue.  The word

"set" is an odd, but not disabling, choice to establish a venue. Similarly, the "in . . . or . . . of . . . or nearest" usage is unusual and unusually awkward. Nonetheless, although not a model of adept drafting, the venue clause in the license agreement constitutes a mandatory venue clause that chooses Massachusetts – either the state court nearest Cambridge or the federal court nearest Cambridge.

Two issues remain. First, the defendant's papers include an alternative request to transfer only Count II to Massachusetts. Although the district court may sever and transfer one or more of the defendants in an action, no authority appears both (1) to support severance and transfer of one of several claims by a party against another party and (2) to countenance the consequent creation of two contemporaneous actions, pending in different forums, and contesting issues between the same parties – especially if the transfer occurs in the interest of "convenience" and especially if the preservation of resources is considered. Section 1404(a) speaks of transfer of a "civil action" and Section 1406(a) speaks of transfer of a "case"; neither section contemplates transfer or dismissal of a "claim" or a "count." James Wm. Moore, *Moore's Federal Practice* Vol 17, § 111.12[2][c] (Matthew Bender & Co. 2012).

Second, the plaintiffs in this action fail to show a compelling reason – tantamount to a deprivation of the plaintiffs' "day in court" – that transfer to Massachusetts is manifestly unjust. In resolving a motion to transfer based on a

contractual venue clause after *Stewart v. Ricoh Corporation*, 487 U.S. 22 (1988), a district court should consider the motion a request to transfer under Section 1404(a) and should consider a forum selection clause that chooses another federal forum as "a significant factor that figures centrally in the district court's calculus." *Stewart*, 477 U.S. at 29; Charles Alan Wright, Arthur R. Miller & Edward H. Cooper *Federal Practice and Procedure 3d* § 3803.1 (Thomson West 2007).

## Conclusion

The defendant's motion is **GRANTED**, and this action is **TRANSFERRED** to the United States District Court for the District of Massachusetts. The Clerk will close the file.

ORDERED in Tampa, Florida, on November 12, 2013.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE